UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

OZELL PRESSLEY, SR.,
    Petitioner,

vs.                                Case No.:  3:23cv24654/LC/ZCB

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, Ozell Pressley, has filed a habeas corpus petition under 28 U.S.C. § 2254.  (Doc. 1).  Respondent has moved to dismiss, arguing that the petition was untimely filed.  (Doc. 9).  Petitioner has responded in opposition, and the matter is ripe for decision.[1]  (Doc. 13).  For the reasons below, Respondent's motion to dismiss should be granted.

### I. Background

A state court jury in Escambia County, Florida convicted Petitioner of trafficking in cocaine, possession of a firearm by a convicted felon, and

---

[1] The Court believes this matter can be resolved based on the pleadings and attachments without an evidentiary hearing.  Rule 8(a), Rules Governing Section 2254 Cases.

1

possession of less than 20 grams of cannabis. (Docs. 9-2, 9-3). The state court sentenced Petitioner to thirty years on the trafficking count, a concurrent term of ten years on the firearm possession count, and time served on the cannabis possession count. (Doc. 9-4). Petitioner appealed, and the First District Court of Appeal affirmed without a written opinion on September 13, 2019. (Doc. 9-8); *Pressley v. State*, 279 So. 3d 637 (Fla 1st DCA 2019). Petitioner did not seek further direct appellate review.

On September 16, 2020, Petitioner filed a motion for state postconviction relief in the trial court under Rule 3.850 of the Florida Rules of Criminal Procedure. (Doc. 9-10). The trial court denied relief, and Petitioner appealed. (*see* Docs. 9-12, 9-14). The First DCA dismissed the appeal and issued its mandate on April 23, 2023. (Doc. 9-15).

Petitioner then filed the current 28 U.S.C. § 2254 habeas corpus petition in this Court on October 19, 2023. (Doc. 1 at 1). Respondent has moved to dismiss, arguing it was filed after the one-year limitations period in 28 U.S.C. § 2244(d)(1) expired. (Doc. 9). Petitioner has responded by arguing that he is entitled to equitable tolling. (Doc. 13).

## II. Discussion

### A. The § 2254 petition was untimely filed.

A one-year limitations period applies to the filing of a § 2254 habeas petition by an inmate in state custody. *See* 28 U.S.C. § 2244(d)(1). The one-year period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute also includes a tolling provision, which provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

3

Respondent contends, and Petitioner does not appear to dispute, that the trigger for the one-year period in this case is the date the judgment became final under § 2244(d)(1)(A). (Doc. 9 at 5-6). Petitioner's judgment became final when the ninety-day window to seek review in the Supreme Court of the United States closed. *Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1237 (11th Cir. 2004). That ninety-day period started running on September 13, 2019—the date the First DCA affirmed Petitioner's conviction. S. Ct. Rule 13. Petitioner's conviction became final ninety days later, on December 12, 2019. *See Nix*, 393 F.3d at 1236-37. The federal limitations period commenced the next day, on December 13, 2019. *See* Fed. R. Civ. P. 6(a) (stating that when computing a time period for the occurrence of an event specified by the law, the Court should "exclude the day of the event that triggers the period").

The federal clock ran for 278 days and then stopped, on September 16, 2020, when Petitioner filed a tolling motion (his Rule 3.850 motion). *See* 28 U.S.C. § 2244(d)(2) (tolling the time period during the pendency of a state court motion for postconviction relief or other collateral review). The federal clock began running again on April 24, 2023, the day after the First DCA issued the mandate in Petitioner's appeal of the denial of

4

his Rule 3.850 motion. *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (holding that the limitations clock begins to run again upon the appellate court's issuance of the mandate denying a state postconviction motion). The limitations clock then ran for 87 days until it expired on July 20, 2023 (278 days + 87 days = 365 days).

Petitioner did not file his § 2254 petition until October 19, 2023. (Doc. 1). Because October 19, 2023, came after July 20, 2023, the petition was untimely.

### B.     **Petitioner is not entitled to equitable tolling.**

Petitioner claims that his untimely filing should not lead to dismissal because of equitable tolling. (Doc. 13 at 1-2). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (cleaned up). The petitioner bears the burden of showing entitlement to equitable tolling. *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158

(11th Cir. 2014). Meeting that burden requires supporting allegations that are "specific and not conclusory." *Id*. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id*. (cleaned up). A "petitioner is not entitled to equitable tolling simply because he alleges constitutional violations at his trial or sentencing." *Id*.

Petitioner blames the delay in filing his petition on numerous prison transfers and his related separation from "legal paperwork storage box." (Doc. 13 at 2). But the Eleventh Circuit has held that "periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004); *see also Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (affirming denial of equitable tolling because the petitioner's "transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances").

Petitioner also claims that the Covid-19 pandemic interfered with his ability to file a timely petition. (Doc. 13 at 2). He alleges he was "hampered" by courthouse closures, prison quarantines (lasting fourteen

6

to twenty-one days at a time), and lockdowns due to prison violence and "security issues." (*Id.*).

As previously discussed, meeting the burden of showing entitlement to equitable tolling requires Petitioner to allege specific facts. Here, Petitioner does not tie any courthouse closure, quarantine, or lockdown to any specific period of untolled time. He also does not allege any specific effort that he made to file a § 2254 petition during any period of closure, quarantine, or lockdown. Notably, this Court (where Petitioner needed to file his § 2254 petition) was never "closed" to mail filings by *pro se* litigants. Moreover, "[u]nder [Eleventh Circuit] precedents, lockdowns, and similar limitations imposed because of the COVID-19 pandemic were not extraordinary circumstances which by themselves justify equitable tolling." *Powell v. United States*, No. 21-12432, 2022 WL 2811987, at *1 (11th Cir. Feb. 8, 2022) (single judge order denying certificate of appealability). And the Eleventh Circuit has consistently held in other contexts that lockdowns, restricted access to prison services such as the law library, and even periods of solitary confinement do not qualify as extraordinary circumstances to warrant equitable tolling. *See Atkins v. United States*, 204 F.3d 1086, 1089–90

7

(11th Cir. 2000); *see also Jackson v. McLaughlin*, No. 17-11474-B, 2017 WL 4844624, at *2 (11th Cir. July 12, 2017); *Miller v. Florida*, 307 F. App'x 366, 368 (11th Cir. 2009) (holding that petitioner's conclusory assertion regarding lack of access to the library was not sufficient to demonstrate extraordinary circumstances that warranted equitable tolling).

Petitioner has not met his burden of establishing that this is one of the "rare and exceptional," *Hunter*, 587 F.3d at 1308, cases where equitable tolling applies. He has neither shown that he acted with reasonable diligence nor that an extraordinary circumstance prevented him from meeting the filing deadline. Accordingly, Petitioner is not entitled to equitable tolling.

### III.   Conclusion

For the reasons above, Petitioner's 28 U.S.C. § 2254 petition for a writ of habeas corpus should be dismissed as untimely.

### IV.   Certificate of appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to

the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his [or her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327). Petitioner cannot make that showing in this case. Therefore, the undersigned recommends denying a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if either party wishes to submit

arguments on the issue of a certificate of appealability that party may do so in an objection to this Report and Recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1. Respondent's motion to dismiss (Doc. 9) be **GRANTED**.

2. The 28 U.S.C. § 2254 petition for a writ of habeas corpus (Doc. 1) be **DISMISSED with prejudice** as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 20th day of June 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.